IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| MARIANA KARPELLS KUEHN, On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) |
| *Plaintiff*, | ) ) CLASS AND COLLECTIVE ACTION ) |
| v. | ) CASE NO. 1:21-cv-31 ) |
| SAGE ECOENTERPRISES, LLC AND JAMES R. TALLEY D/B/A GREEN SAGE CAFÉ, | ) JURY DEMAND ) ) ) |
| *Defendants*. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Mariana Karpells Kuehn ("Named Plaintiff") brings this class and collective action against Sage EcoEnterprises, LLC and James R. Talley d/b/a Green Sage Café ("Green Sage Café"), an Asheville, North Carolina based restaurant chain, to recover unpaid minimum and overtime wages, liquidated damages, all related penalties, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.* Plaintiff asserts her FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) ("Opt-In Plaintiffs"). Plaintiff asserts her North Carolina state law claims under the NCWHA as a class action pursuant to Rule 23(a) and (b)3 of the Federal Rules of Civil Procedure on behalf of herself and a class of similarly situated employees ("Putative Plaintiffs").

2. Green Sage Café had a systematic, company-wide policy, pattern, or practice of failing to pay its employees at the appropriate statutory rate for hourly work and for hours worked

1

in excess of forty (40) each week at a rate of one and one-half (1.5) their regular rate of pay.

## I. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. This Court may properly exercise personal jurisdiction over Defendants because Defendants reside in and conduct business within this District.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

6. The claims for violation of the NCWHA are based upon the statutory law of the State of North Carolina.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims for violation of the NCWHA because they arise out of the same nucleus of operative fact as the FLSA claims.

8. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## II. PARTIES

**A.  Named Plaintiff**

9. Named Plaintiff is over the age of nineteen (19) and is a resident of Asheville, Buncombe County, North Carolina. Named Plaintiff Kuehn was employed by Green Sage Café from October 2019 to January 2021. From October 2019 to December 2019, Named Plaintiff worked for Green Sage Café as a dishwasher. From December 2019 to January 2021, Named Plaintiff worked for Green Sage Café as a barista.

**B. Defendant**

10. Defendant Sage EcoEnterprises, LLC is a North Carolina limited liability company doing business within this judicial district. Specifically, Defendant owns and operates the four Green Sage Café restaurants located at: 5 Broadway Street, Asheville, North Carolina; 633 Merrimon Avenue, Suite A, Asheville, North Carolina; 1800 Hendersonville Road, Asheville, North Carolina; and 70 Westgate Parkway, Asheville, North Carolina.

11. Defendant Sage EcoEnterprises, LLC's principal office is located at 633 Merrimon Avenue, Suite A, Ashville, NC 28804.

12. Defendant Sage EcoEnterprises, LLC is an entity that has employed all employees, including Named Plaintiff and those she seeks to represent, who have worked at the Green Sage Café restaurants in Asheville, North Carolina during the applicable time period to this lawsuit, as the term "employer" is defined by the FLSA and as it is defined by the NCWHA.

13. Defendant Sage EcoEnterprises, LLC employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

14. Defendant Sage EcoEnterprises, LLC has at all relevant times been an employer within the meaning of the FLSA and the NCWHA.

15. Defendant James R. Talley is the managing member of Defendant Sage EcoEnterprises, LLC.

16. Defendant James R. Talley is the owner and operator of Defendant Sage EcoEnterprises, LLC and its registered agent.

17. Defendant James. R. Talley is an employer of all employees, including Named Plaintiff and those she seeks to represent, who have worked at the Green Sage Café restaurants in Asheville, North Carolina during the three-year period preceding the filing of this lawsuit, as the

term "employer" is defined by the FLSA and as it is defined by the NCWHA.

18. Defendant James R. Talley employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

## III. FACTS

**A. Defendant's Tip Practices**

19. Named Plaintiff and those she seeks to represent in this action were employed by Green Sage Café as baristas during the three years preceding the filing of this lawsuit.

20. Green Sage Café is a walk-up restaurant and café in which customers place their order with a barista and then take a seat to wait for their food and / or beverages.

21. Green Sage Café's baristas acted as servers for the Green Sage Café, welcoming customers, taking their orders, taking the customer's payment, preparing beverages, and serving the customers their food and beverages at the customer's table or location in the café.

22. Green Sage Café's customers routinely would tip the barista who served them.

23. Until October 2020, Green Sage Café deducted 20% of the tips earned by their baristas to pay other employees, including dishwashers, cooks, and prep cooks.

24. Since October 2020, Green Sage Café deducts the tips earned by baristas to pay other employees, including dishwashers, cooks, and prep cooks, by dividing these earned tips equally by the hour for each hourly employee. In other words, the tips earned by baristas are paid to all hourly employees equally based on the hours they worked, whether they earned the tips or not. Given that the non-tip earning hourly employees total about the same as the tip-earning baristas in terms of number of employees and number of hours worked, this division has resulted in approximately 50% of the tips earned by baristas being paid to other employees, including dishwashers, cooks, and prep cooks.

25. Until October 2020, Defendants paid Named Plaintiff and other baristas an hourly

4

wage below $7.25. For example, Defendants paid Named Plaintiff $5.00 per hour until October 2020.

26. Beginning in October 2020, Defendants paid Named Plaintiff and other baristas more than $7.25 per hour. For example, Defendants paid Named Plaintiff $8.00 per hour beginning in October 2020.

27. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, for the time period until October 2020, Defendants purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other baristas. *See* 29 U.S.C. § 203(m).

28. However, because the practices described herein do not meet the statutory requirements of the FLSA's tip credit provision, Defendants impermissibly used the "tip credit" to meet its minimum wage obligations under the FLSA.

29. Thus, Named Plaintiff and other baristas were entitled to receive the full $7.25 per hour statutory minimum wage for every hour worked.

**B.   Defendant's Mandatory Tip-Pooling Arrangement**

30. Named Plaintiff and other baristas are required to participate in a tip pool, in which their tips were shared with other employees who do not receive tips directly from, or interact with, customers, including but not limited to dishwashers, cooks, and prep cooks.

31. Defendants' dishwashers, cooks, and prep cooks do not receive tips directly from customers because they do not interact with customers.

32. Named Plaintiff and other baristas are also required to share their tips with shift leads, who are supervisors.

33. Defendants' employees who work as shift leads manage and supervise other service employees.

34. Defendants' shift leads are therefore not permitted to receive any portion of the tips

5

earned by tipped employees. *See* 29 U.S.C. § 203(m).

**C.     Defendant's Failure to Pay Overtime Premiums**

35.     Named Plaintiff and other baristas have worked in excess of 40 hours in a workweek at their tipped hourly rate.

36.     Defendant sought to utilize the "tip credit" to meet its statutory overtime obligations to Named Plaintiff and other baristas, and therefor paid an overtime rate of less than $10.88 per overtime hour (*i.e.*, hours in excess of 40 in a workweek).

37.     However, as a result of the above-described practices, Defendant improperly used the "tip credit" to meet its overtime obligations.

38.     Thus, whenever Named Plaintiff and other baristas worked overtime hours—*i.e.*, hours over 40 in a workweek—they were entitled to receive at least $10.88 per overtime hour, the statutory minimum wage for overtime hours.

39.     Defendant knew and acted with reckless disregard of the fact that its policies for tipped employees violate the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

40.     Named Plaintiff assert her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

>       All current and former baristas employed at a Green Sage Café
>       restaurant at any time since February 8, 2018.

41.     Named Plaintiff's claims should proceed as a collective action because Named Plaintiff and other similarly situated baristas, having worked pursuant to the common practices and policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. NCWHA CLASS ACTION ALLEGATIONS

6

42. Named Plaintiff brings her Fourth Count of this Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated employees, for relief to redress and remedy Green Sage Café's violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq*.

43. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named, Opt-In, and Putative Plaintiffs.

44. Named Plaintiff asserts her Rule 23 class claims on behalf of the following class of Putative Plaintiffs:

> All current and former baristas employed at a Green Sage Café restaurants at any time since February 8, 2018.

45. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Named Plaintiff at this time, upon information and belief, the class is comprised of more than one hundred (100) individuals.

46. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Named, Opt-In, and Putative Plaintiffs have been harmed by Green Sage Café's misappropriation of Named, Opt-In, and Putative Plaintiffs' tips. The central questions of law and fact in this litigation center around whether Green Sage Café required its baristas to contribute a portion of their earned tips to an illegal tip pool.

47. The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation

practices of the Green Sage Café, as alleged herein, and Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

48. Named Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Named Plaintiff and members of the proposed class. Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

49. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof.

In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action. Green Sage Café violated the NCWHA. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## V. CAUSES OF ACTION

### COUNT 1
**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Named Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

52. Named Plaintiff and similarly situated baristas are employees of Green Sage Café entitled to the FLSA's protections.

53. Defendants are employers covered by the FLSA.

54. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

55. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

56. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendant's baristas—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language

9

hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Green Sage Café's dishwashers, cooks, and prep cooks—who do not have customer interaction.

57. By requiring Named Plaintiff and similarly situated baristas to share tips with dishwashers, cooks, and prep cooks, Green Sage Café has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and similarly situated baristas. As such, Green Sage Café has violated the FLSA's minimum wage mandate by paying Named Plaintiff and similarly situated baristas an hourly wage below $7.25 for regular hours worked.

58. Similarly, Restaurants forfeit the tip credit when they require their tipped employees—such as Green Sage Café's baristas—to share tips with the employer, which includes managers and supervisors. 29 U.S.C. § 203(m).

59. By requiring Named Plaintiff and similarly situated baristas to share tips with shift leads, Green Sage Café has forfeited their right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and similarly situated baristas. As such, Green Sage Café has violated the FLSA's minimum wage mandate by paying Named Plaintiff and similarly situated baristas an hourly wage below $7.25 for regular hours worked.

60. In violating the FLSA, Green Sage Café acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT 2
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Named Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

63. Named Plaintiff and similarly situated baristas are employees entitled to the FLSA's protections.

64. Defendants are an employers covered by the FLSA.

65. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

66. The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. 29 U.S.C. §§ 206, 207

67. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate on overtime hours, so long as employees receive proper notice of the tip credit and receive $10.88 per hour including their tips. *See* 29 U.S.C. § 203(m).

68. However, the amount of the tip credit on overtime hours may not exceed $5.12 per hour. *See* 29 U.S.C. § 203(m). Thus, the minimum tipped hourly rate for overtime hours is $5.76 per hour (*i.e.*, $10.88 per hour minus $5.12 per hour).

69. Defendant pays Named Plaintiff and similarly situated baristas a tipped hourly rate and Defendant relies on the tips Named Plaintiff and similarly situated baristas receive to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

70. Named Plaintiff and similarly situated baristas employed by Green Sage Café have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

71. However, employers forfeit the right to rely on the tip credit, including to satisfy the overtime requirements of the FLSA, when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

72. Restaurants forfeit the tip credit when they require their tipped employees—such

as Defendant's baristas—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Green Sage Café's dishwashers, cooks, and prep cooks—who do not have customer interaction or whose direct customer interaction is minimal.

73. By requiring Named Plaintiff and similarly situated baristas to share tips with dishwashers, cooks, and prep cooks, Green Sage Café has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Named Plaintiff and similarly situated baristas. As such, Green Sage Café has violated the FLSA's overtime wage mandate by paying Named Plaintiff and similarly situated baristas an hourly wage below $10.88 for overtime hours worked.

74. Similarly, Restaurants forfeit the tip credit when they require their tipped employees—such as Green Sage Café's baristas—to share tips with the employer, which includes managers and supervisors. 29 U.S.C. § 203(m).

75. By requiring Named Plaintiff and similarly situated baristas to share tips with shift leads, Green Sage Café has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Named Plaintiff and similarly situated baristas. As such, Green Sage Café has violated the FLSA's overtime wage mandate by paying Named Plaintiff and similarly situated baristas an hourly wage below $10.88 for overtime hours worked.

76. In violating the FLSA, Green Sage Café acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT 3
### VIOLATION OF THE FLSA'S PROHIBITION OF EMLOYERS KEEPTING ITS EMPLOYEES' EARNED TIPS

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Named Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

79. Named Plaintiff and similarly situated baristas are employees entitled to the FLSA's protections.

80. Defendants are employers covered by the FLSA.

81. Defendants required Named Plaintiffs and their other baristas severs to pay their tips into a tip pool that was maintained by Defendants.

82. Defendants paid their shift leads a portion of the servers' tips from this tip pool.

83. Defendants' employees who work as shift leads manage and supervise other service employees, including baristas, and they are generally members of Defendants' management team.

84. Shift leads are therefore not permitted to receive any portion of the tips earned by tipped employees. *See* 29 U.S.C. § 203(m).

85. Named Plaintiff seeks to recover, for herself, and all other baristas who join this litigation, the earned tip funds earned by them that Defendants paid their shift leads and that Defendants kept for its operating funds and an equal amount as liquidated damages. 29 U.S.C. § 216(b).

## COUNT 4
### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
### N.C. GEN. STAT. §§ 95-25.6, 95-25.7, 95-25.8, 95-25.12

87. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

88. At all relevant times, Green Sage Café has employed and/or continues to employ Named, Opt-In, and Putative Plaintiffs within the meaning of the NCWHA.

89. Defendants employed Named, Opt-In, and Putative Plaintiffs within the State of North

Carolina.

90. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

91. Funds received directly by Named, Opt-In, and Putative Plaintiffs as tips constituted "wages" because the tip credit was taken, and Defendants treated them as wages, consistent with explicit Fourth Circuit authority.

92. Regardless of whether Green Sage Café may have received authorization otherwise in compliance with N.C. Gen. Stat. § 95-25.8(a), Green Sage Café withheld Named, Opt-In, and Putative Plaintiffs' wages "for purposes not permitted by law," as provided above, and are therefore liable for these unlawful withholdings.

93. Green Sage Café unlawfully withheld and diverted funds from the compensation earned by Named, Opt-In, and Putative Plaintiffs for an improper purpose, to offset Defendants' business expenses, including, but not limited to, the cost of employing other workers, and through an invalid and illegal tip pooling arrangement, in direct violation of the NCWHA.

94. Additionally, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is not known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee; (2) providing the reason for each deduction; (3) providing advance written notice of the actual amount to be deducted; and (4) providing written notice to employees of their right to withdraw authorization.

14

95. Beyond withholding Named, Opt-In, and Putative Plaintiffs' wages "for purposes not permitted by law," Defendants violated N.C. Gen. Stat. § 95-25.8(a)(3) by not receiving sufficient authorization from Named, Opt-In, and Putative Plaintiffs, including, but not limited to, failing to provide advance written notice of the actual amount to be deducted, or failure to provide written notice of employees' right to withdraw authorization.

96. As a result of Defendants' unlawful policies and practices, Named, Opt-In, and Putative Plaintiffs have been deprived of compensation due and owing, including compensation owed under N.C. Gen. Stat. § 95-25.7.

97. Consistent with the above, Green Sage Café failed to pay Named, Opt-In, and Putative Plaintiffs all owed, promised, and earned wages, in violation of N.C. Gen. Stat. § 95-25.6.

98. Green Sage Café cannot affirmatively defend their NCWHA violations as having been done in good faith, entitling Named, Opt-In, and Putative Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under N.C. Gen. Stat. § 95-25.22(a1).

99. As such, Named, Opt-In, and Putative Plaintiffs seek to recover from Green Sage Café the following damages:

   a. Unpaid owed, earned, and promised wages and benefits;
   b. Misappropriated and/or unlawfully deducted wages;
   c. Liquidated damages in an equal amount;
   d. Reasonable attorneys' fees and costs;
   e. Prejudgment interest; and
   f. All other legal and equitable relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief on behalf of herself and all

15

Case 1:21-cv-00031-MOC-WCM   Document 1   Filed 02/08/21   Page 15 of 17

others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b), and designating Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all unpaid and underpaid minimum and overtime wages that Defendants have failed and refused to pay in violation of the FLSA;

F. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. An order certifying this action as a class action under the NCWHA, and designating Named Plaintiff as a representative on behalf of all those similarly situated under the NCWHA class;

I. A finding that Defendants have violated the NCWHA;

J. A finding that Defendants' violations of the NCWHA are willful;

K. A judgment against Defendants and in favor of Plaintiff and the Rule 23 class members for the actual damages for all unpaid and misappropriated wages and benefits found due to Named Plaintiff and those similarly situated, and liquidated damages equal in amount, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1);

L. Award Named Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a);

M. Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), the FLSA and the Federal Rules of Civil Procedure; and

N. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: February 8, 2021

Respectfully submitted,

/s/ Narendra K. Ghosh
**NARENDRA K. GHOSH (NC Bar No. 37649)**
**PAUL E. SMITH (NC Bar No. 45014)**
PATTERSON HARKAVY LLP
100 Europa Dr., Suite 420
Chapel Hill, NC 27517
Telephone: 919-942-5200
Fax: 866-397-8671
nghosh@pathlaw.com
psmith@pathlaw.com

**DAVID W. GARRISON (TN Bar No. 24968)** *
**JOSHUA A. FRANK (TN Bar No. 33294)** *
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Fax: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

* *Pro Hac Vice* Motion Forthcoming

*Attorneys for Plaintiff*