IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00031-MOC-WCM

| | |
|---|---|
| MARIANA KARPELLS KUEHN )<br>*On Behalf of Herself and* )<br>*All Others Similarly Situated* )<br>                                        )<br>                    Plaintiff,   )<br>v.                                    )<br>                                        )<br>SAGE ECOENTERPRISES, LLC, and )<br>JAMES R. TALLEY *doing business as* )<br>Green Sage Café                )<br>                                        )<br>                    Defendants.  )<br>                                        ) | ORDER |

This matter is before the Court on the following motions:

(1) Defendants' Motion to Stay ("Motion to Stay," Doc. 32).

(2) Plaintiff's Motion for Conditional Class Certification and for the Issuance of Court-Supervised Notice ("Motion for Conditional Class Certification," Doc. 40).

(3) Plaintiff's Motion for Leave to File Amended Complaint ("Motion to Amend," Doc. 53).[1]

---

[1] Defendants have also filed a Motion for Judgment on the Pleadings, Doc. 46, which is pending before the Honorable Max O. Cogburn, Jr., United States District Judge.

I.  **Relevant Background**

On February 8, 2021, Plaintiff Mariana Karpells Kuehn ("Plaintiff"), on behalf of herself and all others similarly situated, filed a complaint against Defendants Sage EcoEnterprises, LLC ("Sage") and James R. Talley ("Talley") (collectively, "Defendants") asserting claims for violations of the minimum wage requirements of the Fair Labor Standards Act ("FLSA"), the overtime requirements of the FLSA, the "FLSA's prohibition of employers keeping its employees' earned tips," and the North Carolina Wage and Hour Act ("NCWHA"). Doc. 1.

Subsequently, numerous other individuals filed notices expressing their consent to join the case as additional party plaintiffs. See e.g., Docs. 3-8.

On April 5, 2021, Defendants answered the Complaint. Doc. 23.

On April 20, 2021, Sage filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code.[2]

On May 10, 2021, Plaintiff filed a Motion for Leave to Amend, which Motion was later withdrawn. Doc. 29 & Doc. 50.

On May 20, 2021, Defendants filed their Motion to Stay. Doc. 32.

On May 21, 2021, the undersigned conducted an initial pretrial conference with counsel for the parties. The undersigned confirmed that Sage

---

[2] No party filed a notice or suggestion of bankruptcy at the time, though subsequent filings indicated that Sage had sought bankruptcy protection.

2

had filed bankruptcy, and the parties agreed that the automatic stay pursuant to 11 U.S.C. § 362 applied to Plaintiff's claims against Sage. Accordingly, the action was stayed as to Sage until further Order of the Court and the parties were directed to file a status report every ninety (90) days until the bankruptcy proceeding is completed or the automatic stay is lifted, whichever first occurs. Doc. 35.

Further, in light of the pending motions and bankruptcy related issues, the entry of a Pretrial Order and Case Management Plan was held in abeyance, with briefing regarding the Motion to Stay proceeding in the ordinary course.

On June 1, 2021, Plaintiff filed the Motion for Conditional Class Certification. Doc. 40.

On July 13, 2021, Plaintiff filed the Motion to Amend. Doc. 53.

The Motions are fully briefed, and both parties have submitted Notices that provide additional information regarding the status of the bankruptcy proceeding. Docs. 52 & 59; see also Doc. 60 (Bankruptcy Status Report).

## II. Plaintiff's Allegations

Plaintiff alleges that Sage owns and operates four "Green Sage Café" restaurants in Asheville, North Carolina and that Talley is the managing member, owner and operator, and registered agent of Sage. Doc. 1 at ¶¶10, 15-16. Plaintiff alleges that Sage employed her and "those she seeks to represent." Id. at ¶12. Plaintiff alleges that Talley also employed these persons. Id. at ¶17.

3

Plaintiff refers to Sage and Talley collectively in her Complaint as "Green Sage Café." Id. at ¶1.

Plaintiff further alleges that baristas who were employed by Defendants during the three years preceding the filing of this action routinely received tips from the customers they served, but that Defendants improperly deducted, divided, or pooled those tips with "non-tipped" employees in violation of the FLSA and the NCWHA.

### III. Discussion

#### A. Motion to Stay

As noted above, Sage has filed for bankruptcy protection and Plaintiff's claims against Sage have been stayed. Doc. 35.

Through the Motion to Stay, Talley contends that, because he is entitled to be indemnified by Sage for any possible judgment (and therefore Sage is the real party defendant and any judgment against Talley would in effect be a judgment against Sage), the stay should also encompass Plaintiff's claims against Talley.

Talley further argues that judicial efficiency will be served by staying Plaintiff's claims against him because those claims involve the same facts and legal issues as Plaintiff's claims against Sage which are now being adjudicated in the Bankruptcy Court.

In support of his arguments, Talley has submitted a declaration in which he states that he is an owner and managing member of Sage and that the company's Operating Agreement provides that he is entitled to indemnification from Sage. Doc. 34. Section 6.2 (Indemnification) of that Operating Agreement, which has also been provided, states:

> The Company shall indemnify the Managers to the fullest extent permitted or required by the Act, as amended from time to time, and the Company may advance expenses incurred by the Manager upon the approval of the Managers and the receipt by the Company of an undertaking by such Manager to reimburse the Company unless it shall ultimately be determined that such Manager is entitled to be indemnified by the Company against such expenses. The Company may also indemnify its officers, employees and other representatives or agents up to the fullest extent permitted under the Act or other applicable law, provided that the indemnification in each such situation is first approved by Managers.

Doc. 34-1 at 19.[3]

In opposition, Plaintiff argues that her claims against Talley should not be stayed because Talley is independently liable for unpaid wages under the FLSA and the NCWHA. She also contends that the indemnification clause of the Sage Operating Agreement does not entitle Talley to a stay, and that the Court should not grant a discretionary stay because Talley has not

---

[3] The North Carolina Limited Liability Company Act is found at N.C.G.S.A. § 57D-1-01, et seq.

demonstrated that the potential harm to him is greater than the potential harm to Plaintiff and opt in plaintiffs. Finally, in the alternative, Plaintiff argues that if a stay is granted, it should be limited so that it does not preclude the FLSA collective action claim from being conditionally certified and should only be imposed after the class members have received their notice and have had an opportunity to join the case.

Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced" before the filing of the debtor's bankruptcy case.

In <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986), the Fourth Circuit considered the question of whether an automatic stay under Section 362(a)(1) should be applied to claims against a debtor's co-defendants. In doing so, the court noted that a stay under Section 362(a)(1) is generally only available to the debtor. <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d at 999 (citing <u>Lynch v. Johns-Manville Sales Corp.</u>, 710 F.2d 1194, 1196–1197 (6th Cir.1983), <u>Williford v. Armstrong World Industries, Inc.</u>, 715 F.2d 124, 126–27 (4th Cir.1983)). The court, however, stated that in certain "unusual circumstances," proceedings against non-bankrupt codefendants may also be stayed. <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d at 999. In particular, the court explained:

> This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

A.H. Robins Co. v. Piccinin, 788 F.2d at 999.

Here, Talley contends that this matter presents just the kind of "unusual circumstance" contemplated by A.H. Robins Co. v. Piccinin and, consequently, that the extension of the automatic stay to Plaintiff's claims against Talley is justified.

In opposition, Plaintiff argues that because Talley is alleged to be a joint employer and therefore independently liable, the automatic stay should not be extended to Plaintiff's claims against him. See Doc 44 at 5.

Some courts have cited A.H. Robins Co. v. Piccinin as supporting the proposition that a stay under Section 362 should not be expanded to cover a non-debtor who is independently liable to the plaintiff, such as where the debtor and the third party are joint tortfeasors or where the third party's liability arises from his own breach of duty. See e.g. Variable-Parameter Fixture Development Corp. v. Morpheus Lights, 945 F.Supp. 603, 608

7

(S.D.N.Y. 1996) ("The *Robins* court, however, specifically excluded from the 'unusual situation' exception those cases in which the non-bankruptcy co-defendant is 'independently liable' to the creditor"); Holland v. High Power Energy, 248 B.R. 53, 58 (S.D. W.Va. 2000) (characterizing Robins to stand for the proposition that the "unusual circumstance" exception "does not apply where the third party codefendant has obligations that are independent and primary, not derivative of those of the debtor") (internal quotations omitted); Dewitt v. Daley, 336 B.R. 552, 556 (S.D. Fla. 2006) (same).

Further, Talley does appear to acknowledge that, as a general matter, joint employers are jointly and severally liable for violations of the FLSA. Doc. 44 at 4. See Salinas v. Commercial Interiors, Inc., 848 F.3d 125, 134 (4th Cir. 2017) (joint liability under FLSA); see also Lima v. MH & WH, LLC, No. 5:14cv896, 2019 WL 2602142, at *14 (E.D.N.C. March 8, 2019) (discussing potential joint employer liability under NCWHA).

The question presented here, however, is whether Talley's potential liability should be considered separate and independent from the potential liability of Sage such that the automatic stay should not apply to the claims against Talley. In that regard, Plaintiff has cited authorities that refused to extend the scope of the automatic stay in the context of independent liability by a non-debtor, but neither party has cited authorities examining circumstances directly equivalent to those presented here – where the plaintiff

8

has filed a complaint that includes only an FLSA claim and a related state law wage claim against a corporation and its owner and where the corporation's operating agreement has been produced and calls for the indemnification of the owner.

Subsequent to A.H. Robins Co. v. Piccinin, federal courts in North Carolina have noted that an automatic stay under Section 362(a)(1) may be extended to cover a non-debtor in "unusual circumstances," such as "when the interests of a non-debtor party are so 'intimately intertwined' with those of a debtor that the debtor is the real party in interest." Aerologistics Inv. Partners, LLC v. Cessna Aircraft Co., No. 5:10-CV-92, 2011 WL 3444149, at *2 (W.D.N.C. Aug. 8, 2011)(citing In re Midway Airlines Corp., 283 B.R. 846, 851–52 (E.D.N.C.2002)).

"Claims against a non-debtor are so intimately intertwined when there is a suit against a non-debtor who is entitled to absolute indemnity from the debtor for any judgment entered. Put another way, the non-debtor defendant must have such an identity with the debtor that suing the non-debtor is the functional equivalent of suing the debtor." Aerologistics, 2011 WL 3444149, at *2 (citing In re Midway Airlines Corp., 283 B.R. 846, 851–52 (E.D.N.C. 2002)(citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986)); see also In re Midway, 283 B.R. at 852 ("Circumstances justifying extension of the automatic stay are present in this case. Specifically, the Individuals are

9

covered by Debtor's corporate liability insurance policy and have asserted indemnification claims against the Debtor and its insurance policy"); In re Bestwell LLC, 606 B.R. 243, 255 (W.D.N.C. 2019) ("Courts have enjoined actions against non-debtors where, as here, the debtor has an obligation to indemnify the non-debtor for liability deriving from conduct for which the debtor is responsible"); see also In Re Metal Center, 31 B.R. 458, 462 (D.Conn. 1983) (explaining that the automatic stay would not apply to a codefendant who is independently liable, but "[w]here however, a debtor and a nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code").

The undersigned finds these authorities to be persuasive and concludes that the Motion to Stay should be granted as to Plaintiff's claims against Talley.[4]

---

[4] Section 362(a)(1), "is not the only part of section 362 providing for an automatic stay of proceedings. Subsection (a)(3) directs stays of any action, *whether against the debtor or third-parties*, to obtain possession or to exercise control over property of the debtor." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001 (4th Cir. 1986) (emphasis in original). Talley argues that a stay is alternatively appropriate under this section since the funds that may be used to indemnify him would be the property of Sage. In discussing A.H. Robins Co. v. Piccinin, the Fourth Circuit subsequently explained that a stay in that matter was appropriate "because [the non-debtor defendant] might seek indemnification from [the debtor] for any damages it had to pay, thus implicating the debtor's property." In re A.H. Robins Company Inc. v. Aetna Casualty

10

### B. Motion for Conditional Class Certification

In her Motion for Conditional Class Certification, Plaintiff requests the entry of an order conditionally certifying claims against Talley only and authorizing the distribution of a notice regarding this action. Further, Plaintiff argues that if her claims against Talley are stayed, such a stay should not be imposed until her Motion for Conditional Class Certification has been ruled upon, as she has concerns that delaying notice to potential opt in plaintiffs could adversely affect their claims, since the statute of limitations for those claims continues to run.

Talley, in response, argues that the Motion for Conditional Class Certification should be denied because (1) the claims against Talley should be stayed (pursuant to the Motion to Stay), (2) Plaintiff's claims against Talley should be dismissed (pursuant to the Motion for Judgment on the Pleadings), and (3) the proposed class members are not similarly situated. In the alternative, Talley argues that if the Motion for Conditional Class Certification is granted, the proposed notice should be modified.

Plaintiff has submitted no authorities supporting the proposition that claims deemed subject to the automatic stay of Section 362 may remain active

---

& Surety Co., 828 F.2d 1023, 1025 (4th Cir. 1987). Plaintiff has not discussed this alternative argument in detail and relies primarily on Section (a)(1).

11

until a Motion for Conditional Class Certification is ruled upon and, if such a motion is allowed, notice is transmitted to the proposed class members.

As described above, a stay of the claims against Talley is appropriate. Relatedly, the undersigned sees no reason to delay the imposition of that stay.

Further, Plaintiff's proposal that a conditional class be certified only with respect to the claims against Talley, but not as to the claims against Sage, would likely be confusing to potential opt in plaintiffs, and difficult for case management purposes.

Accordingly, having considered the parties' arguments and applicable authorities, the undersigned concludes that it would be premature to address the merits of Plaintiff's Motion for Conditional Class Certification at this time.

That is not to say that Plaintiff's concern regarding the running of the statute of limitations of claims belonging to potential opt in plaintiffs is without merit; as Plaintiff indicates, the limitations period for potential opt in plaintiffs continues to run. See Spencer v. Macado's, Inc., No. 6:18cv00005, 2019 WL 4739691, at *5 (W.D. Va. Sept. 27, 2019) (quoting LaFleur v. Dollar Tree Stores, Inc., No. 2:12cv363, 2012 WL 4739534, at *1 (E.D. Va. Oct. 2, 2012) (citing 29 U.S.C. § 256(a) & (b))); Baxter v. Burns & McDonnell Eng'g Co., Inc., No. CV JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) ("The FLSA statute of limitations for collective action opt-in plaintiffs runs from the date on which they opt-in, rather than the date of the filing of the complaint").

12

In response, Talley contends that there is a "simple remedy" to address this concern – that any order staying this matter "include a provision that tolls the running of the statute of limitation during the period of the stay." Doc. 48 at 10.

Courts have used equitable tolling in FLSA cases when the consideration of class certification has been delayed. Spencer, 2019 WL 4739691, at *6 (tolling statute of limitations because "this case's litigation posture delayed the Court's consideration of Plaintiffs' Motion to Certify Class…."); Lorenzo v. Prime Communications, L.P., No. 5:12cv69, 2014 WL 3366073, at *2 (E.D.N.C. July 9, 2014) ("courts have allowed equitable tolling of FLSA claims where conditional certification and notice to the prospective plaintiffs has been delayed due to the procedural posture of the case"); Hansen v. Waste Pro of S.C., Inc., No. 2:17-CV-02654-DCN, 2020 WL 1892243, at *8 (D.S.C. Apr. 16, 2020) ("While a high barrier to overcome, courts have regularly found that a significant delay in a court's consideration of a motion for conditional class certification constitutes an "extraordinary circumstance" that warrants tolling")(citing Weckesser v. Knight Enterprises S.E., LLC, 2018 WL 4087931, at *3-4 (D.S.C. Aug. 27, 2018); Harris v. NPC Int'l, Inc., 2016 WL 3636067, at *4 (W.D. Tenn. June 29, 2016); Lorenzo, 2014 WL 3366073; Ruffin v. Entm't of the E. Panhandle, 2012 WL 28192, at *2 (N.D. W. Va. Jan. 5, 2012) (collecting cases)); Baxter, 2020 WL 4286828, at *3 (explaining that "where events outside

13

of plaintiffs' control delay the court-ordered notice and opt-in process, courts often equitably toll the FLSA statute of limitations" and tolling the FLSA statute of limitations "until the date on which the Court ultimately makes its determination on conditional certification") (collecting cases).

Here, potential opt in plaintiffs who may be adversely affected by the delay of the consideration of conditional class certification would be free to raise such an argument at a later stage, as may be appropriate.

In brief, the undersigned finds that the most appropriate course of action under the present circumstances is for Plaintiff's claims against Talley to be stayed, as the claims against Sage are stayed. Plaintiff remains free to apply to the Bankruptcy Court for the stay to be lifted, both as to Sage and Talley. Following the lifting of the stay as to Plaintiff's claims or the completion of the bankruptcy proceeding, Plaintiff may renew her Motion for Conditional Class Certification.

### C. The Motion to Amend

In light of the stay of Plaintiff's claims against Sage and now her claims against Talley, consideration of the Motion to Amend (Doc. 53) would likewise be premature.

**IT IS THEREFORE ORDERED THAT:**

(1) The Motion to Stay (Doc. 32) is **GRANTED**, and this action is hereby **STAYED** as to Defendant James R. Talley until further Order of the Court. As previously ordered, see Doc. 35, the parties shall file a status report with the Court every ninety (90) days until the bankruptcy proceeding is completed or the stay is lifted, whichever first occurs.

(2) Plaintiff's Motion for Conditional Class Certification and for the Issuance of Court-Supervised Notice (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

(3) Plaintiff's Motion for Leave to File Amended Complaint (Doc. 53) is **DENIED WITHOUT PREJUDICE**.

(4) Plaintiff's Motion for Conditional Class Certification and for the Issuance of Court-Supervised Notice and Plaintiff's Motion for Leave to File Amended Complaint may be renewed following completion of the bankruptcy proceeding or upon the lifting of the stay, whichever first occurs.

Signed: August 27, 2021

*[Signature]*

W. Carleton Metcalf
United States Magistrate Judge