UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-31

| | |
|---|---|
| MARIANA KARPELLS KUEHN, On Behalf of Herself and All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>SAGE ECOENTERPRISES, LLC AND JAMES R. TALLEY D/B/A GREEN SAGE CAFÉ,<br><br>    *Defendants*. | ORDER |

This matter is before the Court on the Plaintiff's Unopposed Motion to Lift Stay, for Approval of Fair Labor Standards Act Settlement, and to Voluntarily Dismiss Rule 23 Class Claims. (Doc. No. 73). Having reviewed the parties' executed Settlement Agreement and the Plaintiffs' submissions in support of the Motion, the Court **GRANTS** the Motion.

First, the stay of this litigation is hereby listed consistent with the bankruptcy court's relief from the automatic stay for the limited purpose of adjudicating the present motion. Second, the Court finds the Settlement Agreement represents a reasonable compromise of bona fide disputes under the Fair Labor Standards Act ("FLSA"). This litigation has been hotly contested in two different proceedings and has resulted in the settlement representing a fair recovery to compensate Plaintiffs for their claim that they are owed unpaid wages and tips. Thus, the payment to Plaintiffs is approved as fair and reasonable.

Third, the Court is satisfied that the payment of $55,000 in settlement of all claims for

attorneys' fees, costs, and expenses is reasonable. The Court has considered the declarations submitted by Plaintiffs' counsel, the citation to the authority from this and other Courts, and the background of this litigation. Based on that evidence, the Court finds that this payment is reasonable under the standard articulated by the Fourth Circuit for evaluating the reasonableness of attorneys' fees, including the twelve <u>Johnson</u> factors. Accordingly, the agreed-upon payment for attorneys' fees, costs, and expenses is approved as fair and reasonable. Accordingly, Plaintiffs' FLSA claims and state law claims contemplated by the Parties' settlement agreement are hereby dismissed with prejudice.

Finally, recognizing the unique posture of this case, including the parallel bankruptcy proceedings and the fact that class certification pursuant to Rule 23 has not been sought or granted, the Court finds that voluntary dismissal without prejudice of the class allegations is appropriate pursuant to Fed. R. Civ. P. 23(e). Accordingly, those claims are hereby dismissed without prejudice.

Signed: February 16, 2022

Max O. Cogburn Jr
United States District Judge